IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DWAYNE F.,[1]

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:18-cv-01821-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Plaintiff Dwayne F. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(g)(3). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the initial of his surname and does the same for other individuals whose identification could affect plaintiff's privacy.

1 – OPINION AND ORDER

**PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on June 4, 2015, alleging a disability onset date of December 30, 2006. Tr. 127. His date last insured was September 30, 2012. Tr. 41. The Commissioner denied plaintiff's initial application for benefits, and apparently plaintiff did not seek a decision on reconsideration. *See* Tr. 13. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which convened on October 4, 2017. Tr. 25-40. After receiving testimony from plaintiff and a vocational expert, ALJ Steve Lynch issued a November 2, 2017 decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-18. The Appeals Council denied plaintiff's request for review on August 9, 2018, making the ALJ's decision the final decision of the Commissioner, subject to review by this court. Tr. 1-3; 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from

the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); see also *Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date, December 30, 2006. Tr. 15. At step two, the ALJ determined plaintiff did not have any severe impairments. Tr. 15-16. Accordingly, the ALJ did not proceed further with the five-step sequential analysis and determined plaintiff was not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff contends the ALJ erroneously rejected (1) his subjective symptom testimony, and (2) lay witness testimony provided by his mother.

I. **Subjective Symptom Testimony**

   A. **Hearing Testimony**

At the hearing, plaintiff's counsel explained that he was unable to obtain all of plaintiff's medical records because they were destroyed by the treating hospital. Tr. 27. Counsel described that during the relevant time period—after December 30, 2006—plaintiff had been hospitalized

for psychiatric treatment and a suicide attempt, but he was unsure on the date. *Id*. Counsel candidly noted that plaintiff's medical evidence was "about the most spartan chart list" he had ever seen. Tr. 28.

Plaintiff testified that he had been depressed for his entire life, and it became debilitating when his business failed in 2006. Tr. 29. He explained that he separated from his wife in 2012 and moved to Oregon in 2016. Tr. 30. Plaintiff described that between 2006 and 2012, he did not work, and was so depressed he was unable to function, having been drained of desire, ambition, and motivation "to do anything." Tr. 31. Plaintiff also testified that he was hit by a truck in 2000, which caused physical injuries, and he lost his health insurance. Tr. 33, 37. Plaintiff, however, was able to travel to Europe in 2012 to research his ancestry. Tr. 33. He also described suffering a stroke in 2012. Tr. 39.

Plaintiff asserted that he had tried mental health medications, but nothing was effective. Tr. 34. Apparently, plaintiff was treated by a psychiatrist for six months. Tr. 35. Thereafter, plaintiff did not seek mental health treatment, although a primary care provider subscribed antidepressants for him. Tr. 36-37.

**B.** **Relevant Law**

A two-step process is employed for evaluating a claimant's testimony regarding the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she

4 – OPINION AND ORDER

has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminated the reference to "credibility," clarified that "subjective symptom evaluation is not an examination of an individual's character," and required the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

C. Analysis

The ALJ found that plaintiff had two medically determinable impairments, GERD and hyperlipidemia, but that neither was "severe" within the meaning of the Act. Tr. 16. Therefore, the ALJ did not proceed beyond step two of the sequential analysis. Tr. 15-16. The ALJ noted plaintiff's symptom allegations, including stroke, diabetes, hypertension, high blood pressure, status post shoulder surgery, back problems, depression, neuropathy, and stomach problems. However, the ALJ found that "the medical record revealed no medical evidence during the period of consideration to support his claims." Tr. 17. Accordingly, although the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," his allegations were not consistent with the medical evidence. Tr. 18.

Generally, an ALJ may discount a claimant's symptom testimony if it is inconsistent with the claimant's activities, or if the claimant's participation in everyday activities indicates capacities that are transferrable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ rejected plaintiff's symptom complaints over the relevant period because: (1) there was a lack of objective medical evidence of severe impairment or functional limitations, (2) the record demonstrated "fairly strong" activities of daily living ("ADLs"), and (3) the medical record was devoid of evidence of treatment. Tr. 17. Plaintiff assigns error based on the ALJ's purported "cherry-picking" of the extant record. As plaintiff's counsel conceded at the hearing, however, the medical record provided by plaintiff is notably thin. The handful of medical chart

notes produced during the relevant period appears to reflect that plaintiff's providers prescribed a number of medications, but the handwriting is difficult to read. Additionally, few of the chart notes reflects anything resembling objective medical examination results. Those notes that recorded physical examination results were, without exception, normal. Tr. 226, 230, 233, 239, 247, 250, 261, 264. Indeed, the court is unable to discern any evidence of functional limitation in the chart notes during the relevant time period. Accordingly, to the extent the ALJ invoked a lack of objective medical evidence as a basis to discredit plaintiff's symptom allegations, the rationale was valid. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

In addition, the ALJ found plaintiff's symptom allegations inconsistent with his ADLs. The ALJ determined that plaintiff's activity level was "pretty strong." Tr. 17. For example, plaintiff testified that he was able to travel to Europe to do research on his family ancestry.[2] Tr. 33, 37. The ALJ noted that plaintiff was able to perform personal hygiene, prepare meals, and operate a motor vehicle. Tr. 17, 166. In the context of so little evidence of any level of physical or mental impairment over the relevant period, the ALJ's finding, though brief, is supported by substantial evidence on this record. Even assuming plaintiff's alternative interpretation of the record is reasonable, the court is bound to uphold the ALJ's rational determinations as to plaintiff's activity level. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citation omitted).

Further, the ALJ repeatedly noted that plaintiff did not receive treatment for his alleged symptoms during the relevant time period. Tr. 17-18. The Ninth Circuit has "long held that the

---

[2] Plaintiff asserts that it is improper to consider plaintiff's European vacation because the ALJ did not expressly invoke it in his decision. Pl.'s Reply at 3 (ECF No. 20). Although the court does not rely on the testimony in affirming the ALJ's decision, it is not inappropriate to note the trip in reviewing the record as a whole for substantial evidence. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

7 – OPINION AND ORDER

adjudicator may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina*, 674 F.3d at 1113 (citation omitted). As noted, although chart notes from the relevant period appear to reflect continuing prescription of medications, the notes fail to report any continuing treatment beyond those conservative measures.

Moreover, to the degree plaintiff followed the conservative treatment regimen, the few objective findings reflect no abnormalities, suggesting that the medications were effective. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]"). Plaintiff's assertion that he was hospitalized for psychiatric treatment and a suicide attempt are simply unsupported by the record. *See* 20 C.F.R. § 404.1512(a) ("[Y]ou [the claimant] have to prove to us that you are blind or disabled."); Social Security Ruling ("SSR") 16-3p, at *4, *available at* 2017 WL 5180304 ("We will not find an individual disabled based on alleged symptoms alone."). Similarly, plaintiff's assertion that he was denied a second opportunity to attend a consultative examination after failing to appear for his initial scheduled consultative examination is unavailing. 20 C.F.R. § 404.1518(a) ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you . . . we may find that you are not disabled or blind.").

In sum, the ALJ's assessment of plaintiff's subjective symptoms was not erroneous on this record.

II.      **Lay Witness Evidence**

      A.      **Lay Witness Testimony**

The record in this case was supplemented by an adult function report that was completed by plaintiff's mother and submitted with plaintiff's application materials. Tr. 174-181. Plaintiff's mother indicated plaintiff does very little "because he is unable to do normal things." Tr. 175. She appeared to indicate, however, that contrary to plaintiff's own written testimony, he cannot perform most personal care activities. *Compare* Tr. 166 *with* Tr. 175. Her testimony is also inconsistent with the objective medical evidence, which does not reflect any limitations in those areas. Similarly, she noted that plaintiff does not prepare any meals, contrary to his own testimony. *See* Tr. 176. She also indicated plaintiff's ability to drive was limited by pain in his shoulder and hands, which contradicts plaintiff's own testimony and is inconsistent with the record, which reflects no such limitations. *Compare* Tr. 170 (doesn't drive when taking medications due to side effects) *with* Tr. 177 (doesn't drive due to pain).

The legal standard for rejecting lay witness testimony is quite low: an ALJ must merely provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114). Here, the ALJ met that bar by addressing plaintiff's mother's testimony specifically, and by providing reasons germane to her for rejecting it.[3]

///

///

///

---

[3] The court does not rely on one of the rationales provided by the ALJ, that is, that their familial relationship called into question the reliability of her statements.

9 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is AFFIRMED for the reasons set forth above.

IT IS SO ORDERED.

DATED March 4, 2020.

                                                                  /s/ Youlee Yim You
                                               Youlee Yim You
                                               United States Magistrate Judge